IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01170-LTB-KLM

EAGLEDIRECT MARKETING SOLUTIONS, INC., d/b/a EAGLE:XM, a Colorado corporation,

      Plaintiff(s),

v.

ENGENUS NA LLC., a New York corporation,

      Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

      This matter comes before the Court on Defendant's **Notice of Withdrawal of Defendant, Engenus NA LLC.'s Motion for Extension of Discovery Deadlines** [Docket No. 52; filed October 23, 2007] and **Defendant, Engenus NA LLC.'s Second Renewed Motion for Extension of Discovery Deadlines** [Docket No. 53; filed October 23, 2007] ("Renewed Motion for Extension").

      IT IS HEREBY ORDERED that Defendant's **Notice of Withdrawal of Defendant, Engenus NA LLC.'s Motion for Extension of Discovery Deadlines** [Docket No. 52; filed October 23, 2007] is **GRANTED.**  Defendant's **Motion** [Docket No. 44; filed October 15, 2007] is **WITHDRAWN** and will not be ruled on by this Court.

      Defendant's Renewed Motion for Extension requests that the deadline to depose expert witnesses be extended beyond the current discovery deadline of November 22, 2007, solely for the purpose of deposing experts and conducting discovery in relation to such experts.  The Original Scheduling Order [Docket No. 25; filed January 1, 2007] set the expert witness disclosure deadline for July 2, 2007, and the rebuttal expert witness disclosure deadline for August 1, 2007.  By Motion dated August 2, 2007, Defendant requested that the deadlines set in the Scheduling Order be extended.  In Orders dated August 13, 2007 and August 27, 2007, I granted Defendant's Motion.

In Defendant's Renewed Motion for Extension, Defendant confusingly (and erroneously) states that the August 27, 2007 Order entered by this Court did not address Defendant's request to extend the deadlines for the joinder of additional parties, amendment of pleadings and disclosure of experts.  However, in my August 27, 2007 Minute Order [Docket No. 38], I extended the deadlines that Defendant references as follows:

1) Deadline for Joinder of Parties/Amendment of Pleadings is extended to **September 17, 2007;**
2) Deadline for designation of experts and Rule 26(A)(2) reports is extended to **October 1, 2007**;
3) Deadline for designation of rebuttal experts and Rule 26(A)(2) reports is extended        to **October 31, 2007**.

Defendant then states that it should not be "precluded from proffering such expert testimony because the date for disclosure has passed."  *Motion for Extension*, p. 3.  In Plaintiff's Response [Docket No. 55], Plaintiff argues that Defendant has missed the extended deadline to designate an expert, set for October 1, 2007, and cites to Fed. R. Civ. P. 6(b) to support the proposition that Defendant is now "foreclosed from seeking an extension of time for these deadlines absent a showing of excusable neglect."  *Response*, p. 2.

Numerous courts have noted, and I agree, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *See, e.g.,Washington v. Arapahoe County Dept. Of Social Services*, 197 F.R.D. 439, 441 (D.Colo. 2000) (citations omitted).  Pursuant to Fed.R.Civ.P. 16(b), a deadline set in a scheduling order may be modified only upon a showing of good cause. Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D.Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp 959, 980 (D.S.C. 1997)).

Perhaps in an attempt to make a showing of good cause, Defendant states that its delay in meeting the scheduling order deadlines was caused by its inability to depose certain key parties until August.  *Motion for Extension*, p. 4.  However, Defendant does not state why it could not, and did not, attempt to designate an expert in the month of September, prior to the deadline for disclosing experts set for October 1, 2007.  No showing has been made that Defendant could not have met the previously-extended expert disclosure deadlines through the exercise of reasonable diligence.  I find that Defendant has not established good cause to amend the Scheduling Order.

Accordingly, IT IS HEREBY ORDERED that **Defendant, Engenus NA LLC.'s Second Renewed Motion for Extension of Discovery Deadlines** [Docket No. 53; filed October 23, 2007] is **DENIED**.

BY THE COURT:
_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:  November 1, 2007

3