Case 1:06-cv-01170-LTB-KLM   Document 60   Filed 11/08/2007   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 06-CV-01170 LTB-KLM

EAGLE DIRECT MARKETING
SOLUTIONS, INC. d/b/a EAGLE:XM, a
Colorado Corporation
    Plaintiff,

V.

ENGENUS NA LLC, a New York
Corporation

    Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each counsel of record stipulates and moves the Court for a Protective Order pursuant to F.R.C.P.26 (c) concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, states as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and

designated by one of the Parties in the manner provided in paragraph 3 below as containing: (a) personnel or payroll records of defendants' employees; (b) records regarding participants in the programs administered by defendants; and (c) confidential and/or proprietary information or trade secrets of defendants, including but not limited to information regarding finances, methods of operation, business strategies and plans, and computer hardware and software. Confidential treatment of (a) and (b) is necessary to protect the privacy of the individuals involved. Confidential treatment of (c) is necessary to protect defendants' legitimate business interest in protecting trade secrets and other confidential and proprietary information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

  5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. An individual authorized to review Confidential Information may discuss the Confidential Information with Counsel or a Party and may divulge it in testimony offered during a deposition or at a hearing, in summaries or reports that are authorized for use in this action under law or the Federal Rules of Civil Procedure, provided that Counsel authorizing such individual to review Confidential Information otherwise complies with paragraph 11 of this Protective Order. This provision should not be interpreted as precluding any application to the Court for additional protection beyond that provided in this Protective Order.

  6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

  7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, counsel for the disclosing party may move for an order of clarification from this court. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. The Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

> **CONFIDENTIAL** *pursuant to a Protective Order.* KLM
> This document is filed ~~under seal~~ Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on [date] in Civil Action No. 06-CV-01170 LTB-KLM

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of

{D0469388.1}                                                4

Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.  By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.  Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file ~~under seal~~ with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15.  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

{D0469388.1}                                    5

## ORDER

This Court, having considered the Parties' Stipulated Motion for Protective Order submitted pursuant to F.R.C.P. 26(c), and being fully advised in the premises, hereby adopts the Parties' stipulation and enters the stipulation as a Protective Order.

Dated this 14 of November 2007

_____
UNITED STATES MAGISTRATE JUDGE

STIPULATED AND AGREED TO BY:

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

*s/ Michael P. Matthews*
Wm. David Byassee
Michael P. Matthews
JACKSON KELLY PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Attorneys for Plaintiff EagleDirect Marketing Solutions, Inc.

*s/ Donall O'Carroll*
Charles E. Graney
Donall O'Carroll
WEBSTER SZANYI LLP
1400 Liberty Building
Buffalo, New York 14202
Attorneys for Defendants Engenus NA, LLC