IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01170-LTB-KLM

EAGLEDIRECT MARKETING SOLUTIONS, INC., d/b/a EAGLE:XM, a Colorado corporation,

    Plaintiff(s),

v.

ENGENUS NA LLC., a New York corporation,

    Defendant(s).

_____

# MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Reconsideration and Incorporated Memorandum of Law** [Docket No. 61; filed November 8, 2007] (the "Motion"). Defendant seeks reconsideration of the Court's Order [Docket No. 57; filed November 1, 2007] denying Defendant's Second Renewed Motion for Extension of Discovery Deadlines [Docket No. 53; filed October 23, 2007], wherein Defendant sought an extension of the previously-extended deadline to disclose expert witnesses ("Defendant's Second Renewed Motion").

A brief procedural history is appropriate. The original Scheduling Order in this case set the expert witness disclosure deadline for July 2, 2007, and the rebuttal expert witness disclosure deadline for August 1, 2007 [Docket No. 25; filed January 25, 2007]. On August 2, 2007, Defendant requested that certain deadlines set in the Scheduling Order be extended. By Order dated August 27, 2007, the Court extended the expert witness disclosure deadline until October 1, 2007, extended the rebuttal expert witness disclosure deadline until October 31, 2007, and extended the discovery deadline until November 22, 2007 [Docket No. 38].

In Defendant's Second Renewed Motion, Defendant sought a further extension of the deadline to disclose expert witnesses, as well as an extension of the discovery

1

deadline for the sole purpose of deposing experts. Defendant explained that it could not meet the disclosure deadline because key witnesses had been deposed in August of 2007. Because Defendant failed to explain why it was unable to disclose experts *after* completing the key depositions but before the extended deadline of October 1, 2007, the Court denied the Motion, citing a lack of "good cause" for amending the Scheduling Order yet again.

Defendant now asks the Court to reconsider its ruling, on the grounds that Defendant was unaware that the Court had previously extended the expert witness disclosure deadline to October 1 and was therefore operating under the mistaken belief that the deadline remained July 1, 2007. As a result, Defendant had previously offered no explanation for its failure to disclose experts aside from the delay in completing key witness depositions until August. Defendant's unawareness of the extension, it contends, resulted from its receipt of the electronic docket text of the extension order but not the actual Order itself.[1] Defendant explains that it did not take action to disclose expert witnesses in September because it thought the deadline to do so had passed earlier.

The Court remains troubled by the fact that, assuming defense counsel's erroneous conclusion that the expert disclosure deadlines expired at the latest on August 1, Defendant did not seek an extension of those deadlines until the Second Renewed Motion was filed on October 23, 2007. At some point in July or August, when key depositions were finally scheduled, defense counsel knew or should have known that he could not possibly meet the expert disclosure deadlines. At that point, defense counsel should have sought to extend them, instead of waiting until October 23.

Nevertheless, it appears that a simple error was made (by either defense counsel or the Clerk's office, but not by Defendant). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

---

[1] The Court's electronic case management and filing system (CM/ECF) provides for electronic transmission of Court orders to counsel who are properly enrolled to receive such transmissions. Defense counsel, whose office is located in New York state, is so enrolled. In this case, defense counsel states that he received electronic transmission of the docket text of the Minute Order only. The docket text noted entry of the Order as well as extension of some deadlines in the case, but did not note all of the extensions set forth in the Order. Thus, counsel asserts that he never received notice that the expert disclosure deadline was extended to October 1, 2007. The Court has revisited the electronic docket in this Case and notes that the full text of the Order is (now) properly attached to the docket text received by Defendant's counsel. Once defense counsel received the electronic transmission of the docket text, he was required to click on the docket number of the full Order to view it. Counsel may not have clicked; the Court will never know. Suffice it to say that the Court accepts defense counsel's statement, as an officer of the Court, that he did not receive notice that the expert witness disclosure deadline had been extended to October 1, 2007.

2

2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). In light of the fact that denial of the Motion could prejudice Defendant and that the trial in this case is not scheduled to begin until May 19, 2008, the Court determines that its previous Order should be reconsidered to prevent manifest injustice. *Shields v. Shetler,* 120 F.R.D. 123, 125 (D. Colo. 1988). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [Docket No. 61; filed November 8, 2007] is **GRANTED.** The deadline for Defendant to designate all expert witnesses and to provide reports pursuant to Fed.R.Civ.P.26(a)(2) shall be **January 11, 2008**. The deadline for discovery related to those experts shall be **February 1, 2008**. No further extensions of time will be permitted.

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: December 4, 2007