IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01170-LTB-KLM

EAGLEDIRECT MARKETING SOLUTIONS, INC., d/b/a EAGLE:XM, a Colorado corporation,

    Plaintiff(s),

v.

ENGENUS NA LLC., a New York corporation,

    Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant, Engenus NA LLC's Motion to Compel Discovery Responses and Incorporated Memorandum of Law** [Docket No. 45; filed October 15, 2007] ("Motion to Compel"). The Court has reviewed the Motion to Compel, Plaintiff's Response [Docket No. 85; filed January 11, 2008], Defendant's Reply [Docket No. 92; filed February 2, 2008], the entire case file and applicable law and is sufficiently advised in the premises. Accordingly, it is HEREBY **ORDERED** that the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

    Defendant requests that this Court compel Plaintiff to produce the following documents:

    (1) "All minutes of the Board of Directors of Eagle:XM for the period January 2005

1

to June 2006." *Motion to Compel*, p. 11.

(2) "All documents reflecting the business relationship between Active International and Eagle:XM, including any ownership interest, within the past five (5) years." *Motion to Compel*, p. 12.

(3) "All documents reflecting the purchase of products and services by Eagle:XM utilized in the provision of products and services by Eagle:XM to its clients for the past five (5) years. This request includes, but is not limited to, invoices purchase orders, contracts for products and services." *Motion to Compel*, p. 14.

(4) "All documents relating to branded applications obtained by Eagle:XM, including schematics, in the past five (5) years." *Motion to Compel*, p. 14.

(5) "Identify all persons involved in the acquisition of any and all branded applications obtained by Eagle:XM for the past five (5) years. As to each person identified, state the nature of their involvement." *Motion to Compel*, p. 14.

(6) "All documents relating to Eagle:XM's efforts to create an integrated messaging solution to be provided to it [sic] customers for the past five (5) years. This request includes, but is not limited to, any communications between Eagle:XM and customers or potential customers regarding Eagle:XM's capability to provide an integrated message solution system." *Motion to Compel*, p. 15.

In response, Plaintiff states "[i[n order to avoid protracted and expensive motion practice, Plaintiff made the decision to produce the information requested. Toward this end, on November 26, 2007, Plaintiff produced electronic files on disc regarding the

2

[requested] subject areas." *Response*, p. 3. Plaintiff then states that it learned from Defendant that the first electronic disc was corrupt, at which point it provided a second disc to Defendant on December 13, 2007. *Response*, p. 4. Plaintiff finally states, "[i]t is the understanding of undersigned counsel that Defendant had been able to access the second disc and review the electronic files contained thereon." *Response*, p. 4.

Defendant agrees that Plaintiff has "produced a CD containing thousands of documents responsive to the discovery requests." *Reply*, p. 2. However, Defendant contends that two issues remain. First, Defendant states that while Plaintiff has produced minutes from meetings of its board of directors, three of the four documents are not signed versions. *Id.* As such, Defendant argues that "there is no way of determining if these are the final minutes or merely drafts or if the originals have been changed or altered in any way prior to being produced." *Id.* Defendant requests that this Court compel Plaintiff to produce the final signed minutes for the board of directors' meetings during the requested time period. *Id.* I note that Plaintiff is not obligated to produce relevant information in the form requested by Defendant, but merely to produce it in the form in which it is maintained in "the usual course of its business." Fed. R. Civ. P. 34(b)(E)(i). If Plaintiff maintains signed minutes for its board of directors' meetings in the usual course of its business, it must produce these to Defendant.

Second, Defendant states that Plaintiff has produced documents that relate to communications between Plaintiff and a company called Dataart, during the time periods of April 2005 to August 2005 and from February 2006 to an unidentified time. *Id.*

3

Defendant contends that these two time periods coincide with the times that discussions commenced, and then were terminated, between Defendant and Plaintiff. Defendant states that as these documents were produced after the depositions of Plaintiff's principals, Defendant has not had the opportunity to inquire into the nature of the relationship between Plaintiff and Dataart, or whether the produced documents reflect the full extent of the communications between Plaintiff and Dataart. *Id.* at 2-3. As such, Defendant requests that this Court either permit it to re-open the deposition of Howard Harris to allow it to inquire into the nature and extent of the relationship between Plaintiff and Dataart; require Plaintiff to provide testimony by affidavit or otherwise addressing whether a complete set of documents has been produced; or allow Defendant to serve a third-party subpoena on Dataart to produce all documentation and communication relating to its business relationship with Plaintiff. *Id.* at 4. Based on the pleadings submitted by the Parties, the Court cannot clearly ascertain whether the relationship between Plaintiff and Dataart is reasonably related to the subject matter of the litigation. However, as Plaintiff has not objected, the Court is inclined to allow Defendant to re-open the deposition of Howard Harris to permit questions on the relationship between Plaintiff and Dataart.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Compel [Docket No. 45] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall produce copies of such Board of Directors meeting minutes for the requested time period as are maintained by Plaintiff in the usual course of its business within **ten (10) days** of the date of this Order. Further, Defendant shall be permitted to re-open the deposition of Howard Harris for no

4

more than **two (2) hours** to permit questions on the relationship between Plaintiff and Dataart at a time and place mutually agreeable to the Parties.

                                                BY THE COURT:
                                                __s/ Kristen L. Mix_____
                                                United States Magistrate Judge

Dated: February 14, 2008