IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 06-cv-01170 LTB-KLM

EAGLEDIRECT MARKETING
SOLUTIONS, INC. d/b/a EAGLE:XM, a
Colorado Corporation
    Plaintiff,

V.

ENGENUS NA LLC, a New York
Corporation

    Defendant.

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The Final Pretrial Conference was held on March 21, 2008 before Magistrate Kristen Mix. Appearances were as follows:

Appearing in person for Plaintiff –
Michael P. Matthews
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
303.390.0178

Appearing in person for Defendant –
Donall O'Carroll
Webster Szanyi LLP
1400 Liberty Building
Buffalo, New York 14202
716.842.2800

## 2. JURISDICTION

Subject matter jurisdiction is based upon diversity of citizenship as set forth in 28 U.S.C. Section 1332(a), as well as this Court's authority to declare the rights of the parties pursuant to 28 U.S.C. 2201.

## 3. CLAIMS AND DEFENSES

### A. Plaintiff's Claims

Plaintiff was a printing and marketing services company with its principal place of business in Denver, Colorado. Defendant is a communications and messaging technology company with its principal place of business in Orchard Park, New York. As of August 2005, both Plaintiff and Defendant were actively pursuing "new media" marketing strategies, specifically creating website traffic by utilizing text messages via cellular telephones.

In August 2005, Plaintiff and Defendant entered into a series of discussions regarding the nature and terms of a contractual relationship that would allow them to do business together. In particular, Plaintiff and Defendant discussed using Plaintiff's use of Defendant's technology as part of its marketing services to third parties. Ultimately, the negotiations were not successful. Nevertheless, in June 2006 Defendant submitted an invoice to Plaintiff in the amount of $291,650 for services that it allegedly performed at Plaintiff's request.

Plaintiff seeks a judgment pursuant to F.R.C.P. 57 declaring that no contractual relationship exists between it and Defendant, and further declaring that Defendant is not entitled to collect $291,650 from Plaintiff.

### B. Defendant's Defenses to Plaintiff's Claim

Defendant/counterclaimant asserted six affirmative defenses to the declaratory action.

While Defendant continues to rely on all affirmative defenses raised, the primary defenses are that the Plaintiff is estopped from alleging that no contract exists between the parties by its actions including the acceptance of the benefits conferred by the Defendant. Further, the Defendant ratified the contract through its actions through acceptance of benefits from the Defendant and consented to be bound to a contract. Finally, Plaintiff undertook the obligation to reimburse the Defendant for its services and obtained a benefit from the provision of those services.

C. **Defendant's Claims**

Defendant, Engenus NA LLC ("Engenus") is a communications and messaging technology company. Eagledirect Marketing Solutions, Inc., d/b/a Eagle:XM ("Eagle:XM") is a marketing services company. In August 2005, Engenus and Eagle:XM entered into negotiations based on Eagle:XM's desire to use Engenus' technology as part of the marketing services that it offered to its customers.

In furtherance of those discussions the parties exchanged technology schematics to help identify market strategy. Pricing structures for the provision of Engenus' services to Eagle:XM were discussed and agreed upon, based on which Eagle:XM hired Engenus to provide an integrated messaging solution for Eagle:XM and to assist Eagle:XM on other impending projects. During presentations to Eagle:XM's clients and potential clients, Engenus representatives were introduced as part of the Eagle:XM team.

Eagle:XM, through its Chief Marketing Officer Mark Barounous and other officers, represented that it would pay Engenus for its services. Following the execution of the non-disclosure agreement, and in anticipation of the imminent execution of a written contract

memorializing the terms of the contract, Engenus released highly confidential technology documents specifically branded for Eagle:XM.

A further meeting was held to discuss the creation and execution of a formal contract to memorialize the parties' agreement. Eagle:XM committed to executing a written contract within a week with the proviso that Engenus was to continue to support Eagle:XM with client meetings, development and technology launch. Based on this representation Engenus continued to provide services to Eagle:XM including significant contributions to presentations for specific corporations.

Engenus negotiated with Eagle:XM in good faith to provide services which were desperately needed by Eagle:XM. Based on impending deadlines for the provision of services to its clients, Eagle:XM implored Engenus to step in and provide the technological expertise that Eagle:XM was lacking and agreed to pay Engenus for its services. Despite the Herculean efforts of Engenus to meet Eagle:XM's deadlines, Eagle:XM continually put off providing a written contract memorializing the party's agreement. After Engenus had provided almost $300,000 worth of services, without any payment, Eagle:XM reneged on the agreement and filed this action.

Despite the fact that Engenus expended numerous resources and man hours to Eagle:XM projects, Eagle:XM continued to promise to provide a written contract but never delivered. Finally, Engenus provided Eagle:XM with an invoice for its services which Eagle:XM has refused to pay.

Engenus filed a counterclaim asserting four affirmative claims – 1) breach of contract; 2) quantum meruit/unjust enrichment; 3) fraud; and 4) fraud in the inducement. The counterclaim

is based on breach of contract whereby Engenus seeks to be paid for the contractually agreed services which it provided. In the alternative, Engenus is entitled to be paid for the services provided to Eagle:XM and from which Eagle:XM benefited. Even in the absence of a written contract or in the absence of substantial terms for an oral contract (a fact which Engenus strongly disputes) -- there is no question that Engenus provided substantial technical services to Eagle:XM at their request and that Eagle:XM knew exactly what Engenus was doing on its behalf. Irrespective, therefore, of whether a formal agreement was exchanged, Engenus seeks recovery based upon quantum meruit.

The specific relief sought is for the value of the services provided to Eagle:XM by the Engenus together with interest thereon.

### D. Plaintiff's Defenses to Defendant's Claims

Plaintiff generally denies that Defendant performed the services set forth in its invoice and asserts the following defenses to Defendant's claims:

1. Defendant fails to state a claim upon which relief can be granted.
2. Defendant's claims are barred because they arise out of fraud of its own doing.
3. Defendant's claims are barred because they arise out of deceit and misrepresentation.
4. Defendant's claims are barred by the equitable doctrine of unclean hands.
5. Defendant's claims are barred by the equitable doctrine of estoppel.
6. Defendant is precluded from recovery upon any claim because such would unjustly enrich Defendant.
7. Defendant's claims are groundless and frivolous and Plaintiff is entitled to its fees and costs as allowed by statute.

Plaintiff withdraws the remainder of its affirmative defenses.

## 4. STIPULATIONS

The parties have not reached agreement on any stipulations to date.

## 5. PENDING MOTIONS

~~None.~~ Defendant filed a Motion to Stay on March 20, 2008. [Docket No. 105]

## 6. WITNESSES

Plaintiff shall file a motion to waive jury trial demand on or before March 28, 2008. Defendant shall respond on or before April 4, 2008.

### A. Plaintiff's List of Nonexpert Witness

1. Witnesses who will be present at trial

   a. Howard Harris, c/o Jackson Kelly PLLC, 1099 18th Street, Suite 2150, Denver, Colorado 80202 (303) 390.0178. Mr. Harris is expected to testify regarding the nature of Plaintiff's business and his job duties and responsibilities while employed by Plaintiff. He is expected to testify regarding Plaintiff's requirement that a contract or purchase order be executed before Plaintiff provides or receives any goods or services. Mr. Harris is also expected to testify regarding communications between Plaintiff and Defendant, and the fact that the parties never executed a written contract or entered into an oral agreement of any kind. Finally, Mr. Harris is expected to testify regarding Defendant's demand for payment.

2. Witnesses who may be present at trial if the need arises

   a. Shell Watt, c/o Jackson Kelly PLLC, 1099 18th Street, Suite 2150, Denver, Colorado 80202 (303) 390.0178. Mr. Watt is expected to testify regarding the nature of Plaintiff's business and his job duties and responsibilities while employed by Plaintiff. He is expected to testify regarding Plaintiff's requirement that a contract or purchase order be executed before Plaintiff provides or receives any goods or services. Mr. Watt is also expected to testify regarding communications between Plaintiff and Defendant, especially those regarding the BBI cable project, and the fact that the parties never executed a written contract or entered into an oral agreement of any kind.

b. Mark Barounos, 2020 Bear Drive, Steamboat Springs, Colorado 80487. Mr. Barounos regarding the nature of Plaintiff's business as well as his duties and responsibilities with Plaintiff. He is expected to testify regarding Plaintiff's requirement that a contract or purchase order be executed before Plaintiff provides or receives any goods or services. Mr. Barounos is also expected to testify regarding communications between Plaintiff and Defendant, and the fact that the parties never executed a written contract or entered into an oral agreement of any kind. Finally, he is expected to testify regarding Defendant's demand for payment.

c. Greg Gannon, c/o Webster Szanyi LLP, 1400 Liberty Building, Buffalo, New York 14202 (716) 842-2800. Mr. Gannon is expected to testify regarding the nature of Defendants business and his job duties and responsibilities with Defendant. He is also expected to testify regarding the communications and interactions between Plaintiff and Defendant, as well as the demand for payment.

d. Rory O'Connor, c/o Webster Szanyi LLP, 1400 Liberty Building, Buffalo, New York 14202 (716) 842-2800. Mr. O'Connor is expected to testify regarding the nature of Defendants business and his job duties and responsibilities with Defendant. He is also expected to testify regarding the communications and interactions between Plaintiff and Defendant, as well as the demand for payment.

(3) Witnesses who will testify by deposition

a. Cian Robinson (Videotaped), 722 Corn Tassel Trail, Martinsville, Virginia. Mr. Robinson will testify regarding his job duties and responsibilities while working for Defendant. He will testify regarding Defendant's client base and technology capabilities. He

will also testify regarding Defendant's communications and interaction with Plaintiff.

b. Sam Teplitsky, Sybase 365 c/o Pat Martell, 6550 Rock Spring Drive, Suite 700, Bethesda, Maryland 20817. Mr. Teplitsky will testify regarding re-pointing the Konami DDRKR code, as well as his communications with Greg Gannon regarding the same.

c. William Teitelbaum, 175 Pinelawn Road, Melville, New York 11747. Mr. Teitelbaum will testify regarding his role with Plaintiff, as well as his role in the contract negotiations between Plaintiff and Defendant.

**B. Plaintiff's Expert Witnesses**

None.

**C. Defendant's List of Nonexpert Witnesses**

See Exhibit 3 attached hereto.

**D. Defendant's Expert Witness**

See Exhibit 3 attached hereto.

## 7. EXHIBITS

**A. Plaintiff's Exhibits**

See Exhibit 1 attached hereto.

**B. Defendant's Exhibits**

See Exhibit 2 attached hereto.

The parties have requested that they be granted leave by the Court to amend their exhibit lists prior to the ~~final Pre-Trial~~ Trial Preparation Conference scheduled for April 24, 2008.

Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than five days after the final pretrial conference. The objections contemplated by Fed. R.

Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has not yet been completed. By order dated February 14, 2008, Judge Kristen Mix granted Defendant's motion to reopen the deposition of Howard Harris "at a time and place mutually agreeable between the parties." No date has yet been scheduled for the deposition.

## 9. SPECIAL ISSUES

The parties have failed to reach agreement as to the Defendant's right to take its expert's deposition to preserve his testimony for trial.

The Court and the Plaintiff have been advised of the fact that Defendant will file an action in the Supreme Court of the State of New York, Erie County against Eagle:XM, LLC as successor in interest of Eagledirect Marketing Solutions, Inc., d/b/a Eagle:XM and will concurrently file a motion to stay this action pending resolution of the New York action.

## 10. SETTLEMENT

a. Counsel for the Plaintiff and Defendant participated in a Settlement Conference conducted by Judge Kristen Mix on October 2, 2007, and again on February 28, 2008.

b. The participants in the settlement conferences included counsel and party representatives.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties do intend to hold future settlement discussions. The parties are engaged in ongoing settlement talks which have been facilitated by this Court.

e. It appears from the discussion by all counsel that there is some possibility of settlement.

f. There are no further settlement conferences scheduled at this time, nor is any other type of ADR currently scheduled.

g. Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

A five-day trial is scheduled to commence on May 19, 2008. Trial is to take place at the Alfred A. Arraj U.S. Courthouse in Denver, Colorado. *The issue of whether the trial is to the Court or a jury is not yet determined.*

DATED this 21st day of March, 2008.

BY THE COURT:

_____
United States Magistrate Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

s/ Michael P. Matthews
Michael P. Matthews
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, CO 80202
(303) 390-0178
*Attorneys for Plaintiff*

s/ Donall O'Carroll
Charles E. Graney
Donall O'Carroll
Webster Szanyi LLP
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
*Attorneys for Defendant*