IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 06-cv-01170-LTB-KLM

EAGLEDIRECT MARKETING SOLUTIONS, INC. d/b/a/ EAGLE:XM, a Colorado corporation,

Plaintiff,

v.

ENGENUS NA LLC, a New York corporation,

Defendant.
_____

ORDER
_____

This case is before me on Defendant Engenus NA LLC's ("Engenus") Motion to Stay Action [Doc # 105]. After consideration of the motion, related pleadings, and the case file, I deny the motion as set forth below.

**I. Background**

Plaintiff EagleDirect Marketing Solutions, Inc. ("Eagle") commenced this action on June 19, 2006 seeking a declaratory judgment that no contractual relationship existed between Eagle and Engenus. Engenus first sought to dismiss Eagle's complaint for lack of personal jurisdiction. Following the denial of its motion to dismiss, Engenus answered Eagle's complaint and asserted counterclaims for breach of contract, quantum meruit/unjust enrichment, fraud, and fraud in the inducement. The parties proceeded with discovery, and trial was originally set to commence on May 19, 2008.

On March 20, 2008, two months before the originally scheduled trial date, Engenus commenced an action against Eagle:XM, LLC ("Eagle:XM") in the Supreme Court of the State

of New York. This case (the "New York Action ") alleges essentially the same facts and claims as the one pending in this Court with the primary distinction being the named defendant. Engenus alleges that its claims must be litigated against Eagle:XM as opposed to Eagle because Eagle:XM is the successor in interest to Eagle, which no longer has any assets. Engenus seeks to stay this case pending resolution of the New York Action.

## II. Standard of Review

Although this Court has subject matter jurisdiction over this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, I have discretion not to exercise it. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942). In deciding whether to hear this action, I consider the following five factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory action is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata;*" [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is a better remedy which is better or more effective.

*State Farm Fire & Casualty Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir. 1994).

## III. Analysis

Engenus argument for a stay of this case focuses on two of the five *Mhoon* factors. First, Engenus argues that resolution of this case will not settle the controversy because Eagle:XM, the party from which Engenus claims it will have to recover any monetary judgment it obtains on its counterclaims as a result of Eagle's transfer of its assets to this entity, is not a party in this case. As Eagle points out, however, Engenus could remedy this alleged deficiency in the posture of this case by moving to substitute Eagle:XM as a party pursuant to Fed. R. Civ. P. 25(c). Although

2

such a motion may require an evidentiary hearing (*see Liberty Mut. Fire Ins. Co. v. Human Resources Companies, Inc.,* 94 P.3d 1257, 1260 (Colo. App. 2004)), Engenus would likewise have to prove that Eagle:XM may be held liable to it in the New York Action. Because it may raise the successor in interest issues involving Eagle and Eagle:XM in this case, Engenus's argument that this case will not settle the controversy is unpersuasive. I therefore conclude that the first *Mhoon* factor does not weigh in favor of a stay of this case.

Engenus next argues that Eagle is using this action "to provide an arena for a race to *res judicata*." Had this action been filed close in time to the New York action, Engenus's argument might have some merit. Considering that Eagle commenced this action almost two years before Engenus commenced the New York Action, however, I find this argument unpersuasive and conclude that the third *Mhoon* factor does not weigh in favor of a stay in this case.

The remaining *Mhoon* factors likewise do not weigh in favor of a stay in this case. Clearly, resolution of the claims in this case will settle the legal issues between the parties. Proceeding with this case should also not cause any friction with the State of New York since the action that was filed there is scarcely underway. Finally, given Engenus's ability to raise the successor in interest issues involving Eagle and Eagle:XM in this case, it cannot be said that he New York Action is a better or more effective way to resolve this dispute.

For the reasons set forth above, IT IS HEREBY ORDERED that Engenus's Motion to Stay Action [Doc # 105] is DENIED.


Dated: April ___17___, 2008 in Denver, Colorado.

                                              BY THE COURT:

                                              ___s/Lewis T. Babcock_____
                                              LEWIS T. BABCOCK, JUDGE