IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 06-cv-01170-LTB-KLM

EAGLEDIRECT MARKETING SOLUTIONS, INC. d/b/a/ EAGLE:XM, a Colorado corporation,

  Plaintiff,

v.

ENGENUS NA LLC, a New York corporation,

  Defendant.

___

ORDER
___

This case is before me on Plaintiff EagleDirect Marketing Solutions, Inc.'s ("Eagle") Motion Regarding Waiver of Jury Demand [Doc # 113]. After consideration of the motion, related pleadings, and the case file, I deny the motion as set forth below.

## I.  Background

Eagle's complaint in this case seeks a declaratory judgment that no contractual relationship existed between Eagle and Defendant Engenus NA LLC ("Engenus") and that Engenus is not entitled to collect the $291,650 that it claims Eagle owes to it. Engenus has asserted counterclaims against Eagle for breach of contract, quantum meruit/unjust enrichment, fraud, and fraud in the inducement. Eagle's complaint includes a demand for "trial by jury on all issues so triable."

On January 25, 2007, the magistrate judge approved the proposed scheduling order which was signed by counsel for Engenus. Section 10 of the scheduling order states that "[t]he trial is to the Court" and that "[c]ounsel believe that trial will take five days." On January 29, 2007, the

Court issued a minute order "confirm[ing] that this matter is set for trial to the court for five (5) days commencing **May 19, 2008 at 8:30 a.m.** ..."

Engenus did not move to amend the scheduling to reflect that some, if not all, of the claims in this case were to be tried to a jury. Engenus likewise did not object to the minute order setting the case for a trial to the court. Eagle now argues that the parties have waived a jury trial on all claims in this case.

### III. Analysis

Rule 38(d), Fed. R. Civ. P., provides that a proper jury demand "may be withdrawn only if the parties consent." Rule 39(a)(1), Fed. R. Civ. P., additionally provides as follows:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record.

Here, there is no stipulation on the record from the scheduling conference or any other court proceeding that Engenus waived its right to a jury trial on all issues so triable. Thus, in order to satisfy Rule 39(a)(1), the provision in the scheduling order that trial in this case is to the court must constitute a stipulation to a non-jury trial.

In analyzing the effect of the scheduling order's provision for a court trial on Engenus's right to a jury trial, I am mindful that "trial by jury is a vital and cherished right, integral in our judicial system" and that courts "indulge every reasonable presumption" against a waiver of this fundamental right. *Christenson v. Diversified Builders, Inc.,* 331 F.2d 992, 994 (10th Cir. 1964) (*quoting City of Morgantown, W. Va. v. Royal Ins. Co.,* 337 U.S. 254, 258 (1949); *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393 (1937)).

Although Engenus approved the language in the scheduling order, it did not explicitly acknowledge that it was waiving its right to a jury trial. *Compare Fields Engineering & Equip., Co. v. Cagrill, Inc.,* 651 F.2d 589, 592 (2nd Cir. 1981) (pretrial order's recitation of parties' waiver of jury trial during pretrial conference satisfied requirements of Rule 39(a)). In fact, counsel for Engenus has submitted a declaration stating that the inclusion of the provision for a court trial in the scheduling order was inadvertent; was not the product of any discussion at the scheduling conference regarding the nature of the trial; and does not reflect Engenus's intent to waive its right for a jury trial. Under these circumstances, it is questionable whether the requirements of Rules 38(d) and 39(a) for waiver of the parties' right to a jury trial have been satisfied. Given the importance of the right to a jury trial, any doubt as to a waiver of this right must be resolved in favor of Engenus.

IT IS THEREFORE ORDERED that Eagle's Motion Regarding Waiver of Jury Demand [Doc # 113] is DENIED.

Dated: April   25  , 2008 in Denver, Colorado.

        BY THE COURT:

          s/Lewis T. Babcock  
        LEWIS T. BABCOCK, JUDGE